## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

PROJECT SOUTH: INSTITUTE FOR THE
ELIMINATION OF POVERTY AND GENOCIDE
9 Gammon Ave SE
Atlanta, GA 30315

JUST FUTURES LAW,
1629 K Street NW, Suite 300
Washington, DC 20006

         *Plaintiffs*,

      v.

U.S. IMMIGRATION
AND CUSTOMS ENFORCEMENT,
500 12th Street SW
Washington, D.C. 20536,

         *Defendant*.

Civil Action No.

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.      Project South: Institute for the Elimination of Poverty and Genocide ("Project South") and Just Futures Law (collectively "Plaintiffs") bring this action against Defendant U.S. Immigration and Customs Enforcement ("ICE" or "Defendant") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking injunctive and declaratory relief to enforce the public's rights to records of ICE's existing and pending 287(g) program agreements with local law enforcement agencies in Georgia.

2.      287(g) refers to Section 287(g) of the Immigration and Nationality Act, that allows state and local law enforcement agencies to collaborate with federal immigration agencies to

1

enforce immigration laws through one of three agreements: the jail enforcement model ("JEM"), warrant service officer ("WSO"), and task force model ("TFM").[1]

3.     The JEM model allows deputized local law enforcement officers to identify and process removeable noncitizens who have been arrested for state criminal charges.[2] Deputized officers may also interrogate noncitizens at the jail and issue immigration detainers that hold noncitizens for an additional 48 hours after they would otherwise be released.[3]

4.     The WSO model allows certified local law enforcement officers to serve and execute administrative immigration warrants on noncitizens in their agency's jail.[4] Under this agreement, certified officers may also carry out arrests as an immigration officer but not interrogate noncitizens.[5]

5.     The TFM model authorizes local law enforcement to carry out limited immigration enforcement during their routine police duties.[6] This can include identifying a noncitizen at a DUI checkpoint and participating in ICE-led task forces.[7]

6.     On March 5, 2025, Plaintiffs Project South and Just Futures Law, both non-profit immigration, civil rights, and human rights organizations, submitted a FOIA request to Defendant ICE seeking records of pending and active 287(g) program agreements in Georgia from May 1, 2024 to the present.

---

[1] U.S. Immigration and Customs Enforcement, *Delegation of Immigration Authority Section 287(g) Immigration and Nationality* Act, https://www.ice.gov/identify-and-arrest/287g (last checked June 23, 2025).
[2] *Id.*
[3] American Immigration Council, *The 287(g) Program: An* Overview, 2 (January 2025), https://www.americanimmigrationcouncil.org/research/287g-program-immigration.
[4] *Delegation of Immigration Authority Section 287(g) Immigration and Nationality Act, supra* note 1.
[5] American Immigration Council*, supra* note 3.
[6] U.S. Immigration and Customs Enforcement, *Partner With ICE Through the 287(g) Program*, https://www.ice.gov/287g (last checked June 23, 2025).
[7] *Id.*

7.      To date, Defendant has neither provided Plaintiffs with substantive responses nor produced any records in response to Plaintiffs' FOIA request. Defendant's failure to disclose and produce the requested records violates the FOIA. Because of Defendant's disregard for these requirements, important information about existing 287(g) agreements, pending agreements, and communication between local law enforcement agencies and ICE regarding these agreements remains hidden.

8.      Plaintiffs now bring this action seeking declaratory relief that ICE is in violation of FOIA, and injunctive relief requiring ICE to immediately process and release the information to which Plaintiffs are statutorily entitled.

## JURISDICTION AND VENUE

9.      This Court has subject-matter jurisdiction over this matter under FOIA, 5 U.S.C. § 552(a)(4)(B), and as a federal question under 28 U.S.C § 1331. Plaintiffs' request for declaratory and other relief is properly subject to this Court's subject-matter jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(F) and 28 U.S.C. §§ 1331, 2201(a), and 2202.

10.     Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(b)(1), (b)(2), and (e)(1).

11.     Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, Plaintiffs are deemed to have constructively exhausted their administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and are now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly held.

## PARTIES

12.     Project South is an Atlanta-based 501(c)(3) nonprofit organization founded in 1986. Project South's work is rooted in the legacy of the Southern Freedom Movement, and it cultivates robust social movements throughout the U.S. South. Project South engages in community organizing and human rights advocacy. The Legal & Advocacy work area of Project South focuses on dismantling state repression and protecting and defending communities of color and immigrants.[8] Project South has a proven track-record of compiling and disseminating information and reports to the public about government functions and activities, including human rights abuses immigrants face in ICE custody. Project South regularly issues press releases, has an active social media presence with thousands of followers, and produces periodical publications to reach members with education, organizing updates, and consciousness-raising political analysis on poverty, race, global struggles, and youth realities. Project South also produces community-based reports to share knowledge, increase access to movement histories, and amplify movement victories. Project South is established under the laws of Georgia and headquartered in Atlanta, Georgia.

13.     Just Futures Law ("JFL") is a movement lawyering organization that provides legal support for grassroots organizations engaged in making critical interventions in the U.S.'s deportation and detention systems and policies. JFL staff partner with organizations and activists who seek to understand the scope and range of government surveillance and criminalization. JFL staff have decades of experience in providing expert legal advice, written legal resources, and training for immigration attorneys and criminal defense attorneys on the immigration consequences of the criminal legal system. JFL has a significant interest in the administration of

---

[8] "Legal & Advocacy," Project South (last visited July 2, 2025), https://projectsouth.org/legal-advocacy-work-2/.

government, particularly in the area of immigration law enforcement. JFL is established under the laws of Delaware and headquartered in Washington, D.C.

14.     Defendant ICE is a component agency of the U.S. Department of Homeland Security ("DHS") headquartered in Washington, D.C., and an agency within the meaning of 5 U.SC. § 552(f)(1). ICE enforces immigration and customs law and is responsible for the detention and removal of immigrants.

15.     Upon information and belief, Defendant has custody and control over the records Plaintiffs seek to make publicly available under 5 U.S.C § 522(a)(2).

## STATEMENT OF FACTS

### Background

16.     On May 1, 2024, Georgia Governor Brian Kemp signed into law Georgia House Bill 1105 ("HB 1105"), also known as the Georgia Criminal Alien Track and Report Act of 2024. This law mandates that local and state law enforcement perform federal immigration functions that demonstrably result in the racial profiling of immigrants and that undermine community trust in local police. Furthermore, this law requires that state and local agencies maintain information on the immigration status of individuals and that they persistently apply to enter into contracts, or Memoranda of Agreements, with federal immigration agencies, including 287(g) agreements.

17.     ICE has rapidly increased the number of 287(g) program agreements countrywide, including in Georgia.  When the FOIA request was submitted on March 5, 2025, there were a total of two hundred and seventy-two 287(g) agreements.[9] Currently, there are a total of seven hundred and nineteen 287(g) agreements across forty states.[10] In Georgia, there are twenty-nine 287(g)

---

[9] U.S. Immigration and Customs Enforcement, *287(g) Participating Agencies 03052025* (March 5, 2025), https://www.ice.gov/identify-and-arrest/287g.
[10] *Delegation of Immigration Authority Section 287(g) Immigration and Nationality Act, supra* note 1.

agreements with County Sheriff's Offices, the Georgia Department of Public Safety, the Georgia Department of Corrections, and a municipality.[11] Of those twenty-nine, there are eleven JEM agreements, sixteen WSO agreements, and two TFM agreements. There are also two pending JEM agreements, one pending WSO agreement, and one pending TFM agreement.[12]

18.    The lack of information about the growing number of 287(g) agreements in Georgia raises serious concerns. First, Defendant has failed to provide crucial information to the public as to the full scope of existing and pending 287(g) agreements. Further, Georgia residents are left in the dark about which local law enforcement agencies have inquired about entering into, but have not yet applied to enter into, 287(g) agreements. Defendant's rapid increase in 287(g) agreements, especially TFM agreements that grant broader immigration enforcement authority to local law enforcement agencies, poses a threat to the civil rights of noncitizens in Georgia.

**Plaintiffs' FOIA Request and Defendant's Response**

19.    On March 5, 2025, Plaintiffs submitted a FOIA request to the ICE FOIA Office in Washington, D.C. (via the Secure Release e-filing portal) seeking records of pending and active 287(g) program agreements in Georgia from May 1, 2024, through the present.

20.    The FOIA request (attached herein as Exhibit 1) sought the following records:

(1) The most recent memoranda of understanding (or similar) documents memorializing currently active 287(g) agreements in Georgia, to the extent that such records are not already available on ICE's website at https://www.ice.gov/identify-and-arrest/287g; (2) Records regarding pending applications for 287(g) agreements, including but not limited to Needs Assessments; and (3) Records of communications between ICE and any local or state law enforcement agency or officer in Georgia regarding entering into or renewing a 287(g) agreement from May 1, 2024, through the present.

---

[11] U.S. Immigration and Customs Enforcement, *Participating Agencies 06232025* (June 23, 2025), https://www.ice.gov/identify-and-arrest/287g.
[12] U.S. Immigration and Customs Enforcement, *Pending Agencies 06232025* (June 23, 2025), https://www.ice.gov/identify-and-arrest/287g.

21.     On March 10, 2025, ICE acknowledged receipt of the FOIA request (attached herein as Exhibit 2), assigned control number 2025-ICFO-23413 to the request, and invoked a 10-day extension to the 20-working-days deadline for ICE to provide a substantive response to the request.

22.     On March 10, 2025, ICE denied Plaintiffs' request for a fee waiver "[s]ince your request for a fee waiver has failed to satisfy each of the required factors," and it stated that it would "charge [Plaintiffs] for records in accordance with the DHS Interim FOIA regulations as they apply to non-commercial requesters." *See* Exhibit 2.

23.     On May 8, 2025, Plaintiffs appealed the denial of the fee waiver to the ICE FOIA Office in Washington, D.C. (via email; attached herein as Exhibit 3).

24.     On June 5, 2025, ICE responded to Plaintiffs' appeal of the fee waiver denial (attached herein as Exhibit 4). It assigned to the appeal the number 2025-ICAP-00248. In its response, the agency stated: "The ICE FOIA Office is not currently assessing fees . . . As a result, the agency is not making a determination on the assessment of fees." The response also "determined that the ICE FOIA office has yet to provide a final response to your FOIA request."

25.     As of the date of this Complaint, Defendant has failed to (a) notify Plaintiffs of a final determination regarding Plaintiffs' FOIA request, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any withholdings; and (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

26.     Through Defendant's failure to respond to Plaintiffs' FOIA request within the time period required by law, Plaintiffs have constructively exhausted their administrative remedies and seek immediate judicial review.

## CLAIMS FOR RELIEF

### COUNT I

**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

27.     Plaintiffs repeat the allegations in the foregoing paragraphs and incorporate them as though fully set forth herein.

28.     Plaintiffs properly requested records within the possession, custody, and control of Defendant.

29.     Defendant is an agency subject to FOIA, and they must therefore make reasonable efforts to search for requested records.

30.     Defendant has failed to promptly review agency records for the purpose of locating those records that are responsive to Plaintiffs' FOIA request.

31.     Defendant's failure to conduct an adequate search for responsive records violates FOIA and applicable regulations.

32.     Plaintiffs are therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to Plaintiffs' FOIA request.

### COUNT II

**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

33.     Plaintiffs repeat the allegations in the foregoing paragraphs and incorporate them as though fully set forth herein.

34.     Plaintiffs properly requested records within the possession, custody, and control of Defendants.

8

35.    Defendant is an agency subject to FOIA, and they must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

36.    Defendant is wrongfully withholding non-exempt agency records requested by Plaintiffs by failing to produce non-exempt records responsive to its FOIA request.

37.    Defendant is wrongfully withholding non-exempt agency records requested by Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs FOIA request.

38.    Defendant's failure to provide all non-exempt responsive records violates FOIA and applicable regulations.

39.    Plaintiffs are therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Court:

a.    Declare that Defendant's failure to disclose the records responsive to Plaintiffs' request is unlawful;

b.    Order Defendant to promptly conduct a thorough search for all responsive records;

c.    Order Defendant to expeditiously process and release all responsive records, and enjoin Defendant from improperly withholding records;

d.    Award Plaintiffs reasonable attorneys' fees and other litigation costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

9

e.      Grant such other relief as the Court may deem just and proper.


Dated: July 11, 2025                                    Respectfully submitted,


                                                        /s/ Sejal Zota
                                                        Sejal Zota (D.C. Bar No. NC020)
                                                        Laura Rivera

                                                        Just Futures Law
                                                        1629 K Street NW, Suite 300
                                                        Washington, DC 20006
                                                        Telephone: (202) 355-6390
                                                        sejal@justfutureslaw.org
                                                        laura@justfutureslaw.org

                                                        *Attorneys for Plaintiffs*